## HIGHLAND BUGGY CO. v. ABIJAH S. PARKER.

1. AGREEMENT OF EMPLOYE TO PROMOTE INTEREST OF EMPLOYER IMPLIES ABILITY TO PROMOTE, ETC.

An agreement by a salesman of a buggy company in his contract of employment to promote the interests of the company to its satisfaction, is substantially a representation that he has the experience and ability to and would promote the interests of the company in such manner as would satisfy it. A breach of such agreement will justify his discharge.

2. DISSATISFACTION OF EMPLOYER TO WARRANT EMPLOYE'S DISCHARGE MUST NOT BE BASED ON MERE WHIM, ETC.

The dissatisfaction which would warrant the discharge of an employe for breach of his agreement to promote the interest of his employer to his satisfaction, must be based upon such facts as would warrant a reasonable person in the conclusion that the services of the employe were not promoting, either directly or indirectly, the interests of the employer, provided always that the latter acted in good faith and performed his part of the contract. The mere whim or caprice of the employer is not sufficient.

3. VERBAL STATEMENTS COMPETENT TO EXPLAIN AMBIGUITY OF WRITTEN CONTRACT, ETC.

Evidence that an employe represented to his employer that he could sell at least one thousand jobs, and if he did not sell eight hundred he would not ask any compensation, which representations were not embodied in the written contract of employment, is incompetent to prove a promise to that effect; but, on the issue as to whether or not the employe promoted the interests of the company to its satisfaction, as he agreed to do in his written contract of employment, such evidence is competent for the purpose of arriving at a proper construction and application of such agreement, especially when it is claimed by the employe to be indefinite and uncertain.

4. SALESMAN MUST CONFORM TO REASONABLE PRICES FIXED BY EMPLOYER.

Where the contract of employment expressly provides that all sales should be made at prices furnished by the employer from time to time, the employe is bound to conform to the reasonable prices fixed; and sales made by him below such prices, not only in violation of the contract but against the employer's protest, is a direct breach of the contract, and warrants the employe's discharge.

5. FINANCIAL RESPONSIBILITY OF PURCHASER RESERVED TO EMPLOYER, WHEN.

Where the price at which vehicles were to be sold was specially provided for in the contract of employment, a clause in the contract that the sales are subject to the approval and acceptance of the employer, will be held to refer only to the financial responsibility of the purchaser and such other elements of the sale which could not be anticipated or provided for in the contract.

ERROR to Hamilton common pleas court.

**Harper & Allen** and **Philip Roettinger,** for plaintiff in error.

**J. B. Kelley,** for defendant in error.

**GIFFEN, J.**

The defendant in error, as plaintiff in the court of common pleas, brought an action against the plaintiff in error as defendant, to recover damages for breach of the following contract, to wit:

"Elmwood Place, Ohio, Dec. 6, 1899.

"The Highland Buggy Company, Elmwood Place, Hamilton county, Ohio, hereby employs A. S. Parker, of Aurora, Mo., to act as salesman in selling its vehicles in Kansas, Missouri, south of Missouri river, and Oklahoma Territory, for one year from December 1, 1899, at a salary of one thousand ($1,000) dollars per annum, payable in equal monthly installments.

"Said company will also pay the proper and necessary traveling expenses of said A. S. Parker, in canvassing said territory, and will pay him at the end of the year five (5) per cent upon all sales made by him in excess of twenty-five thousand ($25,000) dollars.

"This five (5) per cent on sales in excess of twenty-five thousand ($25,000) dollars is to be paid on all mail orders following the initial order taken by the said A. S. Parker, said sales being subject to the approval and acceptance of the said The Highland Buggy Company.

"In consideration of the foregoing, A. S. Parker will give his entire time and attention to selling the vehicles of said company in the territory named, at prices furnished him from time to time, and will promote the interest of the Highland Buggy Company all to its satisfaction.

"Should said company not be able to collect any account made by said A. S. Parker, owing to the insolvency or failure of the purchaser, then said account shall not be taken into consideration in fixing the basis of the five (5) per cent above specified.

"THE HIGHLAND BUGGY COMPANY,

"H. J. McCullough, Sec. & Treas.

"Accepted, A. S. PARKER."

Plaintiff entered upon the performance of the contract and rendered services as salesman for the defendant for a period of about four months, when the defendant discharged him for the alleged reasons that he had sold buggies at prices below those furnished him, made terms with parties contrary to the orders sent in by him, and in other ways violated his contract.

The chief controversy arises upon the construction of that part of the contract which provides the things to be performed by the salesman, it being contended by the plaintiff in error that it was justified in discharging the defendant in error whenever it became dissatisfied with the manner in which he performed his services. And on the other hand, the

*Buggy Co. v. Parker.*

defendant in error claims that the meaning of this clause is, Parker agreed to promote the interest of the buggy company by taking orders for their vehicles at prices furnished to him from time to time all to its satisfaction.

It is manifest that the company could not be heard to complain of the use of his time, if he gave his entire time and attention to selling the vehicles of said company in the territory named, and it should and must be satisfied therewith, for the reason that it is a compliance with the very terms by it prescribed. So, likewise, if he made the sales at the prices furnished him from time to time by the company. That which is uncertain in the contract, and which in the nature of the case could not be stated with exactness in the contract, relates to his promise to promote the interest of the company. This is substantially a representation to the company that he had the experience and ability to promote and would promote the interests of the company in such a manner as would satisfy it.

The general charge of the court upon this provision of the contract was most favorable to the plaintiff in error, and the first special instruction requested by it was properly refused. The dissatisfaction which would warrant the company in terminating the contract could not depend upon mere whim or caprice, but upon such facts as would warrant a reasonable person in the conclusion that the services of the salesman were not promoting, either directly or indirectly, the interests of his employer, provided always that the latter acted in good faith and performed his part of the contract.

The evidence shows that the employment was not profitable to the company, and the jury might well have found that it was justified in terminating the contract under this clause, but having found for the plaintiff upon this issue, we will not now disturb that finding.

Testimony was offered tending to prove that the plaintiff before executing the contract, represented to the defendant that he could sell at least a thousand jobs, and if he did not sell eight hundred he would not ask any compensation, and the court excluded it. While this testimony was incompetent to prove a promise to that effect not embodied in the contract, yet we think it was competent to give a proper application of the words we have been considering and the object sought to be attained by the contract, especially if the clause is indefinite and uncertain as claimed by the counsel for defendant in error. *Hildebrand* v. *Fogle,* 20 Ohio 147.

Testimony shows that the plaintiff sold vehicles at prices less than those fixed by the defendant company, not only in violation of the con-

tract but against its protest. The contract expressly provides that the sales should be made at prices furnished him from time to time, and if the company in good faith fixed reasonable prices, the salesman was bound to conform thereto, and if he sold below such prices, it was a direct breach of the contract and warranted his discharge.

It is claimed, however, by counsel for plaintiff, that all sales were subject to the approval and acceptance of the company, and that the orders were so taken and transmitted. But reference to the contract shows that "said sales" referred only to those in excess of $25,000; and there is no pretense that the plaintiff sold that amount, besides, even granting that all sales were taken subject to approval and acceptance, such approval did not relate to the price, because that was especially provided for in the contract, but it related to the financial responsibility of the purchaser and such other elements of the sale, which could not be anticipated or provided for in the contract.

The court correctly charged the jury upon this issue, and its finding in favor of the plaintiff is manifestly against the weight of the evidence.

The court properly refused to give any of the special charges requested by the defendant.

We find no other error in the record and the judgment will be reversed, and cause remanded for a new trial.

**Jelke** and **Swing, JJ.**, concur.